UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ESTEBAN CHAVEZ-CRUZ,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:16-CV-04157-KES<br><br><br>ORDER |

This matter is before the court on movant Esteban Chavez-Cruz's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  In his motion, Mr. Chavez-Cruz makes a claim for relief based upon the allegedly ineffective assistance of counsel he received from his former defense counsel, Michael W. Hanson.  See Docket 1, 3 and 4.  The United States of America (government) has requested an order directing former defense counsel to file an affidavit responding to Mr. Chavez-Cruz's claims of ineffective assistance as set forth in his motion.  See Docket No. 7.

The Eighth Circuit Court of Appeals has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's competence and raises the issue of ineffectiveness or incompetence of counsel. See Tasby v. United States, 504 F.2d 332 (8th Cir. 1974). ABA Model Rule of Professional Conduct 1.6 also recognizes that a disclosure may be impliedly authorized under certain circumstances including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of his or her client.

The American Bar Association, however, has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations (1) may not disclose information imparted to him or her in confidence without first obtaining the informed consent of the former client; and (2) may only disclose such information in "court-supervised testimony." ABA Comm. on Eth. and Prof'l Responsibility, Formal Op. 10-456 (July 14, 2010).

In consideration of the allegations set forth in Mr. Chavez-Cruz's motion under 28 U.S.C. § 2255, this court has determined that the government cannot respond to the allegations of ineffective assistance of counsel without attorney Michael W. Hanson responding by affidavit to the specific allegations in the motion concerning his representation of Mr. Chavez-Cruz. If Mr. Chavez-Cruz opposes the waiver of the attorney-client privilege as it relates to the specific allegations in his motion under 28 U.S.C. § 2255, those allegations will be stricken from his motion under 28 U.S.C. § 2255. Accordingly,

IT IS HEREBY ORDERED:

1. The government's motion (Docket No. 7) directing former defense counsel to respond is granted as follows:

    A. That the clerk shall send this order and the attached attorney-client privilege waiver form to Mr. Chavez-Cruz;

    B. That if the attorney-client privilege waiver form is not signed and returned to the clerk for filing within 21 days, the allegations of ineffective assistance of counsel will be stricken from Mr. Chavez-Cruz's motion under 28 U.S.C. § 2255;

  C. That if the attorney-client privilege waiver form is signed and filed, the government shall forward a copy of the signed attorney-client privilege waiver form to Michael W. Hanson, along with a copy of this order and Mr. Chavez-Cruz's motion and supplements pursuant to § 2255 (Docket Nos. 1, 3 & 4). Attorney Michael W. Hanson shall within 21 days of receiving the attorney-client privilege waiver form provide and file with the clerk an affidavit responding to the specific allegations in the § 2255 motion concerning his representation of Mr. Chavez-Cruz.

  D. The government shall promptly thereafter serve a copy of Mr. Hanson's affidavit upon Mr. Chavez-Cruz.

2. The government's motion for extension of time (Docket No. 7) is granted; the government shall file its response to Mr. Chavez-Cruz's motion no later than 30 days after the latter of the affidavits is received from either Mr. Hanson or Mr. Eirinberg.

DATED this 17th day of November, 2016.

        BY THE COURT:

        _/s/ Veronica L. Duffy_
        VERONICA L. DUFFY
        United States Magistrate Judge