UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ESTEBAN CHAVEZ-CRUZ,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:16-CV-04157-KES<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING MOTION |

**INTRODUCTION**

Movant, Esteban Chavez-Cruz, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. The government now moves to dismiss the petition for failure to state a claim. Docket 36. The matter was assigned to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy recommends that Chavez-Cruz's motion be dismissed. Docket 41. Chavez-Cruz timely filed his objections to the report and recommendation. Docket 43. For the following reasons, the court adopts Magistrate Judge Duffy's report and recommendation and dismisses Chavez-Cruz's motion.

**FACTUAL BACKGROUND**

A full factual background was provided by the magistrate judge in her report and recommendation. Docket 41. Therefore, this court will only give a simple explanation and point to the magistrate judge's report and recommendation for the full background.

A jury found Chavez-Cruz guilty of conspiracy to distribute methamphetamine. *See United States v. Chavez-Cruz*, CR No. 14-40021, Docket 2. The district court sentenced him to a 262-month sentence. CR Docket 59. Michael W. Hanson represented Chavez-Cruz during the trial and sentencing. Chavez-Cruz appealed, and the Eighth Circuit Court of Appeals affirmed his conviction. *See United States v. Chavez-Cruz*, 612 F. App'x 871 (8th Cir. 2015). James Eirinberg represented Chavez-Cruz during the appeal to the Eighth Circuit.

On November 7, 2016, Chavez-Cruz filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. First, Chavez-Cruz argued that his trial counsel was ineffective in failing to object to Michael Roemeling's testimony about "Spanish" people and failing to immediately move for a mistrial. Second, Chavez-Cruz argued that his appellate counsel was ineffective in failing to appeal an overruled hearsay objection. Third, Chavez Cruz argues that trial counsel was ineffective in failing to object at his sentencing hearing when the district court committed "procedural error" by failing to consider certain 18 U.S.C. § 3553(a) factors and appellate counsel was ineffective for failing to appeal the same. Fourth, Chavez-Cruz argues that appellate counsel was constitutionally ineffective for failing to raise on appeal the issue of whether the district court erred in denying trial counsel's motion for judgment of acquittal.

**STANDARD OF REVIEW**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's

recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

Chavez-Cruz's four claims involve his Sixth Amendment right to effective assistance of counsel. Docket 1. In order to establish ineffective assistance of counsel, a petitioner must meet the two-pronged standard articulated by the United States Supreme Court in *Strickland v. Washington*. *See* 466 U.S. 668, 687 (1984). "First, the [petitioner] must show that counsel's performance was deficient." *Id.* This "performance prong" requires a petitioner to show that counsel's representation was deficient and "fell below an objective standard of reasonableness." *Id.* at 687-88. To show deficiency, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Ragland v. United States*, 756 F.3d 597, 599-600 (8th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687). This court must assess "whether counsel's assistance was reasonable considering all the circumstances." *Strickland,* 466 U.S. at 688.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S.

3

91, 101 (1955)). "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Ordinarily, the Eighth Circuit Court of Appeals "consider[s] strategic decisions to be virtually unchallengeable unless they are based on deficient investigation." *Worthington v. Roper*, 631 F.3d 487, 500 (8th Cir. 2011) (quoting *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006)). The court "generally entrust[s] cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel." *United States v. Orr*, 636 F.3d 944, 952 (8th Cir. 2011) (quoting *United States v. Villalpando*, 259 F.3d 934, 939 (8th Cir. 2001)).

"Second, the [petitioner] must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. This "prejudice prong" requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In other words, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

Chavez-Cruz raises four objections to Magistrate Judge Duffy's conclusion that Chavez-Cruz failed to establish a claim for ineffective assistance of trial

4

counsel or appellate counsel. Docket 43. The court addresses individually each objection raised.

I.  **Failure to Object to Roemeling's Testimony**

Chavez-Cruz contends the report erroneously concluded that his claim involving trial counsel's failure to object to Roemeling's comment is barred. *Id.* at 1. The report found the issue of trial counsel's failure preserved, not barred, because it was not raised on appeal. Docket 41 at 19. The barred issue is whether Roemeling's comment, not trial counsel's failure to object to the comment, was a fundamental defect which inherently resulted in a complete miscarriage of justice. This related issue is barred, because the Eighth Circuit already decided this issue against Chavez-Cruz on appeal and he is not allowed to relitigate it here. *Id.*

Chavez-Cruz then contends Magistrate Judge Duffy misapplied *Strickland* standard to the facts of this case. Docket 43 at 2. He argues that the court's jury instruction not to consider defendant's race or national origin did not "eliminate all prejudice" and that counsel should have objected to Roemeling's statement. Docket 43 at 2-3. Chavez-Cruz further objects to the report's reliance on trial counsel's submitted sworn statement asserting that his decision not to object was sound trial strategy. Docket 43 at 3.

Chavez-Cruz carries the burden of overcoming the strong presumption that trial counsel's decision was sound trial strategy. *Strickland,* 466 U.S. at 688. Trial counsel's failure to object to Roemeling's testimony could easily be considered sound trial strategy not to draw further attention to the testimony. *See United States v. Allison,* 59 F.3d 625, 629 (7th Cir. 1995) ("Counsel's failure to object to a

5

single improper statement does not establish objective deficiency, particularly where it may have been sound trial strategy to let the comment pass rather than draw additional attention to it and defendant's obvious credibility problems."). The jury instruction allowed counsel to reduce any effect such testimony may have had on the jury without drawing further unwanted attention to it. This is a reasonable choice consistent with sound trial strategy and the court finds trial counsel was not deficient in failing to object to Roemeling's statement.

Even if Chavez-Cruz could show the failure to object rendered counsel's performance deficient, Chavez-Cruz cannot demonstrate prejudice. The government's evidence was overwhelming. Thus, Chavez-Cruz's objection is overruled.

## II. Failure to Appeal Overruling of Hearsay Objection

Chavez-Cruz next objects to Magistrate Judge Duffy's recommendation that Chavez-Cruz is not entitled to relief for appellate counsel's failure to appeal the overruled hearsay objection to witness Scott Blewett Jr.'s testimony. Chavez-Cruz contends Blewett's father was not a member of the conspiracy and his testimony was therefore hearsay. Chavez-Cruz argues counsel should have appealed the overruled objection.

Chavez-Cruz's objection is contracted by the record and otherwise unsupported. Blewett testified that he and his father were in the business of selling meth together and one or both of them received the meth from Chavez-Cruz. CR Docket 67, Trial Transcript, Volume I, at 151. Chavez-Cruz, Blewett, and Blewett's dad were co-conspirators in the same drug conspiracy. As such, the out-

6

of-court statement by co-conspirators is not hearsay under the Federal Rules of Evidence. *See* Fed. R. Evid. 801(d)(2)(E).

Chavez-Cruz argues that appellate counsel had a duty to raise this issue on appeal "as the issue was one upon which success would have been had[.]" Docket 43 at 4. "The Sixth Amendment does not require that counsel raise every colorable or non-frivolous claim on appeal." *New v. United States*, 652 F.3d 949, 953 (8th Cir. 2011) (citing *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998)). Chavez-Cruz has offered nothing to show that this issue was stronger than the issues counsel raised. This is not a winning issue and it would have failed on appeal. Accordingly, he cannot overcome the presumption that appellate counsel's failure to raise a certain claim was a sound strategy. Chavez-Cruz has failed to demonstrate that he received ineffective assistance of counsel on appeal.

Even if Chavez-Cruz could show the failure to raise the issue on appeal rendered counsel's performance deficient, Chavez-Cruz cannot demonstrate prejudice. This is not a winning issue. Thus, Chavez-Cruz's objection is overruled.

## III. Failure to Object at Sentencing and Appeal Issue

Chavez-Cruz objects to the report's conclusion that trial counsel was not constitutionally ineffective when he did not object to the district court's discussion of the 18 U.S.C. § 3553(a) factors. Docket 43 at 5. Chavez-Cruz argues the district court made a "procedural error" when it failed to consider his age and non-financial responsibilities to family as mitigating factors. *Id.* Finally, Chavez-Cruz argues appellate counsel was ineffective in failing to properly raise this issue on appeal. *Id.*

Chavez-Cruz states Magistrate Judge Duffy "fail[ed] to point to any portion of the record in which such factors were raised by counsel or considered by the district court in fashioning a sentence." Docket 43 at 5. Such is not the case. The report and recommendation detailed the discussions during sentencing and these discussions included both Chavez-Cruz's age and family responsibilities. *See* Docket 41 at 27-32. Even if not specifically mentioned by the court, the court is not required "to make specific findings on the record about each § 3553(a) factors." *United States v. Deegan*, 605 F.3d 625, 629-30 (8th Cir. 2010) (citations omitted). Chavez-Cruz cannot show that his attorney was constitutionally deficient in not objecting to the district court not specifically address certain § 3553(a) factors. Because the court did consider these factors, Chavez-Cruz cannot show that he was prejudiced by the attorney's failure to object.

Chavez-Cruz claims that appellate counsel was constitutionally ineffective in failing to properly raise this issue on appeal. On direct appeal, the Eighth Circuit did not review this issue because trial counsel did not object at sentencing to the court's explanation and appellate counsel did not claim a procedural error. *See United States v. Chavez-Cruz*, 612 F. App'x 871, 873 (8th Cir. 2015). Chavez-Cruz cannot show that he was prejudiced by appellate counsel's failure to properly raise this issue on appeal, because he cannot show that the court failed to consider certain factors or committed a procedural error. *See Strickland*, 466 U.S. at 696. If appellate counsel would have properly raised the issue, the Eighth Circuit would have had no grounds to reverse on this issue. This ground for relief is denied.

8

## IV. Failure to Appeal Denied Motion for Acquittal

Chavez-Cruz objects to the report's conclusion that appellate counsel was not constitutionally ineffective for not appealing the district court's denial of trial counsel's motion for judgment of acquittal. Docket 43 at 6. Chavez-Cruz argues the motion should have been granted because the facts only show "a buyer/seller relationship between the Petitioner and various individuals involved in this matter[.]" *Id.*

Chavez-Cruz fails to overcome the heavy presumption that appellate counsel's failure to raise a claim was strategy. *See New*, 652 F.3d at 953. The report details the high standard of review the appellate court uses in reviewing denials of motions for acquittal and the ample evidence of Chavez-Cruz's guilt. *See* Docket 41 at 32-33. Chavez-Cruz focuses his objection on the adequacy of this evidence. *See* Docket 43 at 6.

Chavez-Cruz correctly argues that the relationship between buyer and seller alone does not establish a conspiracy, citing *United States v. Spencer*, 592 F.3d 866 (8th Cir. 2010), *United States v. Rodriguez*, 414 F.3d 837, 845 (8th Cir. 2005), and *United States v. Prieskorn*, 658 F.2d 631, 633 (8th Cir. 1981). Docket 43 at 6. Chavez-Cruz argues that the facts presented in the report and recommendation only demonstrate a buyer/seller relationship between the Petitioner and various individuals. *Id.*

Here, there was ample evidence in the record to establish more than a mere buyer/seller relationship. This conspiracy involved massive amounts of methamphetamine and that Chavez-Cruz used Roemeling, Blewett, and Blewett's

9

dad to distribute his methamphetamine. In this regard, the Eighth Circuit in *Prieskorn* stated, "The large quantity of cocaine involved here supports an inference or presumption that appellant knew that he was 'a part of a venture which extend(ed) beyond his individual participation . . . . By virtue of this quantity the vertical nature of the conspiracy was known to the suppliers and customers.'" 658 F.2d at 634-35 (quoting *United States v. Magnano*, 543 F.2d 431, 434 (2d Cir. 1976)) (citations omitted).

There simply was no ground for the district court to grant the motion for acquittal or for appellate counsel to challenge that denial. As such, Chavez-Cruz cannot show that appellate counsel was constitutionally ineffective by not raising the issue on appeal or that he was prejudiced by the issue not being presented on appeal. Thus, Chavez-Cruz's objection is overruled.

## V.   **Evidentiary Hearing**

Chavez-Cruz asks this court to grant him an evidentiary hearing without explanation. Docket 43 at 6. "A district court may deny an evidentiary hearing where (1) accepting the petitioner's allegations as true, the petitioner is not entitled to relief, or (2) 'the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (quoting *United States v. Sellner*, 773 F.3d 927, 929–30 (8th Cir. 2014)). "'No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Franco*

*v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (quoting *Anjulo–Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008)).

Here, an evidentiary hearing is not required. Chavez-Cruz's arguments fail as a matter of law. Chavez-Cruz fails to overcome the presumption that trial counsel and appellate counsel's decisions were sound strategy. Even if trial counsel and appellate counsel were deficient, Chavez-Cruz failed to demonstrate that the alleged deficiencies prejudiced him. Finally, the transcript of Chavez-Cruz's trial and sentencing contradict Chavez-Cruz's claims. There is no issue of fact or credibility to be determined in an evidentiary hearing. Therefore, Chavez-Cruz's request for an evidentiary hearing is denied.

## III. Certificate of Appealability

Before denial of a § 2255 motion may be appealed, a petitioner must first obtain a certificate of appealability from the district court. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that Chavez-Cruz has not made a substantial showing that the district court's assessments of his claims are debatable or wrong. Consequently, a certificate of appealability is not issued.

Thus, it is ORDERED

1. Chavez-Cruz's objections to the report and recommendation (Docket 43) are overruled.

2. The report and recommendation (Docket 41) is adopted in full as supplemented herein.

3. Respondent's motion to dismiss (Docket 36) is granted.

4. Chavez-Cruz's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket 1) is dismissed without an evidentiary hearing.

5. A certificate of appealability is denied.

DATED May 25, 2018.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE